UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS J. SAHROW,

    Plaintiff,

v.                                Case No.: 2:25-cv-00813-SPC-NPM

CHARLOTTE CORRECTIONAL *et al.*,

    Defendants,
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Thomas J. Sahrow's Complaint for Violation of Civil Rights (Doc. 1). Sahrow is a prisoner of the Florida Department of Corrections (FDOC), and he sues a vague and unspecified group of FDOC officials under 42 U.S.C. § 1983. Sahrow is proceeding *in forma pauperis*, so the Court must review his complaint to determine if it is frivolous or malicious, seeks monetary damages against a party immune from such relief, or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915(e)(2). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). That means the Court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts

survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Sahrow files his complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Sahrow's complaint is light on details. It alleges another inmate sexually assaulted Sahrow in the dish washing area. As best the Court can tell, the

other inmate grabbed Sahrow's buttocks and threatened to rape him. Sahrow states that no one else was involved, but he claims the incident would not have happened if Charlotte C.I. had better security. He seeks $150,000 in compensatory damages for mental injuries.

Sahrow's complaint fails to state a claim. First, the complaint does not name any proper defendant. The only identifiable person Sahrow sues is FDOC secretary Ricky Dixon. But Sahrow does not allege Dixon engaged in any unconstitutional conduct. It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023) (internal quotation marks and citation omitted). The other listed defendants are the "Head of Security" and "food service" at Charlotte C.I. and "all encluded [sic] staff." (Doc. 1 at 1-3). To proceed in this action, Sahrow must name as defendants the official(s) who harmed him by violating his constitutional rights.

Second, Sahrow's factual allegations do not support a cause of action. The Eighth Amendment's "prohibition on cruel and unusual punishments requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "But that does not mean that

prison officials are liable for every act of inmate-on-inmate violence." *Daniels v. Felton*, 823 F. App'x 787, 789 (11th Cir. 2020). A plaintiff must demonstrate three elements to establish a failure-to-protect claim: (1) prison conditions posing a substantial risk of serious harm; (2) a prison official's deliberate indifference to that risk; and (3) causation. *Cox*, 15 F.4th at 1358. The complaint does not establish any of the three elements.

According to the allegations in the complaint, the only wrongdoer here was the inmate who assaulted Sahrow. But if Sahrow believes he can state a claim against one or more officials for failing to protect him from the inmate, he may file an amended complaint. An amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and it must state Sahrow's claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a) and 10(b).

Accordingly, it is

**ORDERED:**

1. Sahrow's complaint (Doc. 1) is **dismissed without prejudice** for failure to state a claim.

2. Sahrow may file an amended complaint by **November 26, 2025. Otherwise, the Court will enter judgment and close this case**.

3. The Clerk is **directed** to send Sahrow a civil-rights complaint form bearing the title "Amended Complaint" and the above-captioned case number.

**DONE AND ORDERED** in Fort Myers, Florida on November 5, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1